FILED
2018 Jun-21  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **CHARLES BELVIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | **_____** |
| **CITY OF SPRINGVILLE,** | ) | |
| **a municipal corporation;** | ) | |
| **and CHRISTOPHER KELLEY,** | ) | |
| **individually, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1343, 1441, 1443 and 1446, Defendants, the City of Springville and Officer Christopher Kelley (the "served Defendants") hereby file this Notice of Removal of the cause of action styled *Charles Belvin v. City of Springville and Christopher Kelley*, Civil Action Number 75-CV-2015-900091.00, in the Circuit Court of St. Clair County (Pell City Division), Alabama to the United States District Court for the Northern District of Alabama. As grounds for this removal, the served Defendants show unto this Court as follows:

1. This is a civil rights case.

2. Pursuant to his Amended Complaint, the Plaintiff purports to state against the Defendants claims under the 4th Amendment and 42 U.S.C. §1983. See Exhibit A- Amended Civil Complaint.

3. 28 U.S.C. §1331 vests in federal district courts "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "aris[e]s under" federal law within the meaning of §1331 if "A well-pleaded complaint" establishes either the federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh* 547 U. S. 677, 689-90, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (quoting *Franchise Tax Bd. Of Cal. V. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)).

4. 28 U.S.C. §1343 vests in federal district courts "original jurisdiction" over "any civil action authorized by law to be commenced by any person . . . [t]o address the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States . . . ."

5. This Court has original jurisdiction over the Plaintiff's claims contained in his complaint because they seemingly arise under the Constitution, laws or treaties of the United States, and/or because said claims seek to redress the alleged deprivation under color of State law of the Plaintiff's constitutional rights, and/or because the Plaintiff's right to relief herein necessarily depends on

2

resolution of a substantial question of Federal law.  See 28 U.S.C. §§1331 and 1343 (a) (3) and (4).

6.    Pursuant to 28 U.S.C. §§1441 (a) and 1443, any civil action brought in a state court, of which a district court of the United States has original jurisdiction, may be removed by the Defendant to the District Court of the United States for the district and division embracing the place where such action is pending.

7.    Because this Court has original jurisdiction over the Plaintiff's federal claims, this case is properly removable to this Court.

8.    Pursuant to 28 U.S.C. §1446 (b) (1) and (2) (A), the removal of this case to this Court is timely because this notice of removal is being filed within 30 days after receipt by the served Defendants of service of the Amended Complaint.

9.    The Defendants have not filed in State Court any answer or other pleading in response to the Plaintiff's Amended Complaint.

10.    In compliance with 28 U.S.C. §1446(d), simultaneously with the filing of this Notice of Removal, the Defendants are giving written notice hereof to the Plaintiff, and are filing a copy of this notice with the clerk of the State court. See Exhibit B.

11.    Attached as Exhibit C is a copy of all other process, pleadings, motions, orders, and the like which have heretofore been served upon the

3

defendants or filed to date with the State court in this case.  See 28 U.S.C. §1446 (a).

**WHEREFORE, THE ABOVE PREMISES HAVING BEEN CONSIDERED,** the Defendants give notice of the removal of this action from the Circuit Court for St. Clair County (Pell City Division), Alabama to the United States District Court for the Northern District of Alabama, and the Defendants request this Court to issue all necessary orders to take and maintain jurisdiction over this action.  The Defendants further request this Court for such other and different relief to which they are entitled.

Respectfully submitted,

*/s/ Timothy P. Donahue, Jr.*
Timothy P. Donahue, Jr. (ASB-3267-O70D)
Attorney for Defendants
City of Springville and Christopher Kelley

OF COUNSEL:
**DONAHUE & ASSOCIATES, LLC**
1020 22nd Street South
Birmingham, Alabama  35205
Phone: 205.871.8858
Fax: 205.879.1679
Email: tdonahue@donahue-associates.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing and/or via electronic mail to the following:

Alan B. Lasseter, Esq.
SHUTTLESWORTH LASSETER, LLC
19 Richard Arrington Jr. Blvd. North
Birmingham, Alabama 35203
Email: alan@shuttlesworthlasseter.com

*s/ Timothy P. Donahue, Jr.*
OF COUNSEL